FILED

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA JAN 18 PM 12: 26
### TAMPA DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| **DAVID ROWE, FRED PARLATO AND DANA NORRIS** individually and on behalf of all others similarly situated, | **Case No.:** 8:18 cv 147 33 JSS |
| | **CLASS ACTION COMPLAINT** |
| *Plaintiffs,* | **TRIAL BY JURY DEMANDED** |
| *v.* | |
| **LOANDEPOT.COM, LLC,** a Delaware limited liability company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff David Rowe ("Rowe" or "Plaintiff Rowe"), Plaintiff Fred Parlato ("Parlato" or "Plaintiff Parlato"), and Plaintiff Dana Norris ("Norris" or "Plaintiff Norris") (collectively referred to as "Plaintiffs"), bring this class action against Defendant Loandepot.com, LLC ("Loan Depot" or "Defendant") to (1) stop its practice of placing calls using an "automatic telephone dialing system" to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior express written consent to receive them – including to those on the National Do Not Call Registry – and (3) obtain redress for all persons injured by its conduct. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.      Senator Hollings, the Telephone Consumer Protection Act's ("TCPA") sponsor, described autodialed calls as "the scourge of modern civilization. They wake us up in the

morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone cord out of the wall." 137 Cong. Rec. 30, 821 (1991). Thus, the TCPA was enacted to empower the private citizen and to protect the privacy of consumers nationwide.

2.     But, unfortunately, illegal autodialed calls continue to increase and further invade the privacy of millions of consumers.  Last year, in 2017, 4 million complaints related to autodialed calling were lodged with the Federal Communications Commission (the "FCC"). This number is markedly higher than the previous year, which yielded 2.6 million complaints (which rose from the year before that).  Notably, many consumers who have been subjected to illegal autodialed calling activity do not report each instance of illegal autodialed calling activity, and the actual number of consumers affected by illegal autodialed calls is significantly higher.

3.     Here, Defendant contacted consumers in an effort to solicit their business, and continues to do so after Defendant has been told by consumers to stop calling them.

4.     Accordingly, this case addresses Defendant's pattern and practice of calling consumers on their cellular (even after it has been told to stop), using an autodialer, who have no direct relationship with Defendant. Defendant conducted (and continues to conduct) a wide-scale solicitation campaign that features the repeated making of unwanted autodialed phone calls to consumers' telephones without prior express consent, all in violation of the TCPA.

5.     By making these autodialed calls, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

Furthermore, Defendant made the calls knowing they interfered with Plaintiffs' and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

6.     The TCPA was enacted to protect consumers from autodialed telephone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiffs file this lawsuit seeking injunctive relief, requiring Defendant to cease all autodialed telephone calling activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

## PARTIES

7.     Plaintiff Rowe is a natural person and resides in Canon, Georgia.

8.     Plaintiff Parlato is a natural person and resides in New Port Richey, Florida.

9.     Plaintiff Norris is a natural person and resides in Rancho Cucamonga, California.

10.     Defendant is a corporation with a principal place of business located at 26642 Towne Center Drive, Foothill Ranch, California, 92610.[1]   Defendant conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unwanted autodialed solicitation calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

---

[1] *See* https://businesssearch.sos.ca.gov/CBS/Detail.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.  Furthermore, venue is proper because Plaintiff Parlato resides in this District.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant is a company that offers "home purchase and refinancing loans, personal loans and home equity products nationwide." It also "operates Direct, Retail and Wholesale business channels nationwide.  Licensed in all 50 states, [Defendant] generates loan production from 12 business production centers, employs 7,000+ people including more than 1,700 licensed lending officers who hold more than 10,000 stat licenses, and operates over 200+ lending stores nationwide."[2]   In the course of its operations, Defendant purchases lists of consumers, which it then contacts using an ATDS to solicit them for loans.

14.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires *"prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15.     Yet in violation of this rule, Defendant fails to obtain any prior express written consent to make these autodialed solicitation calls to cellular telephone numbers.

16.     In placing the calls that form the basis of this lawsuit, Defendant utilized an ATDS. Specifically, the hardware and software used by Defendant has the present capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to

---

[2] https://www.linkedin.com/company/loandepot/; (last accessed on January 17, 2018).

dial such numbers. *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).[3]

17.  When placing these calls to consumers, Defendant failed to obtain prior express consent as required by the TCPA.

18.  In fact, consumer complaints about Defendant's autodialing practices are not uncommon as reported online about one of Defendant's numbers 706-457-8131:

- "Repeated calls. No message."[4]

- "Silent call."[5]

- "Don't answer"[6]

- "Calls when ask not to call."[7]

19.  At all times material to this Complaint, Defendant was fully aware that unwanted autodialed telemarketing calls were being made to consumers' cellular telephones through its own efforts and their agents.

---

[3] On a business-software review website, a "Branch Manager" and "Senior Loan Officer" for "loanDepot" indicated that he had "[u]sed the software for: 6-12 months". The "software" the employee is referring to is an automated telephone dialing system created by PhoneBurner. *See* https://www.capterra.com/p/146127/PhoneBurner/ (PhoneBurner touts that its ATDS will "[i]ncrease [y]our [o]utbound [s]ales [i]n fifteen [m]inutes *[g]uaranteed*"; and https://www.phoneburner.com/homepage/special 4?utm_campaign=capterra_pd&utm_source=capterra.

[4] http://whoscallingyou.com/phonenumber/7064578131

[5] https://www.shouldianswer.com/phone-number/7064578131.

[6] *Id.*

[7] *Id.*

20.    Defendant knowingly made (and continues to make) autodialed solicitation calls to cellular telephones without the prior express written consent of the call recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF ROWE

21.    On June 30, 2003, Rowe's cellular telephone number was registered on the National Do Not Call Registry for the sole purpose of avoiding unsolicited calls.

22.    On or around September of 2017, and more than 31 days after Rowe's cellular telephone number was registered on the National Do Not Call Registry, Rowe began to receive a series of unwanted solicitation calls on his cellular telephone from telephone number 706-457-8131.

23.    Rowe received approximately twenty (20) unwanted solicitation calls from telephone number 706-457-8131 on his cellular telephone.

24.    As an example, Rowe received calls from the 706-457-8131 number on the following dates and times:

- October 12, 2017 at 3 p.m.; 4:58 p.m.; and 7 p.m.
- October 13, 2017 at 11 a.m.; 1:27 p.m.; 2:57 p.m.; 4:59 p.m.; and 7:06 p.m.
- October 14, 2017 at 1:58 p.m.
- October 16, 2017 at 5:50 p.m.
- October 17, 2017 at 1:24 p.m.; 3:32 p.m.; 5:21 p.m.; and 7:57 p.m.
- October 18, 2017 at 9:56 a.m.; 10:43 a.m.; 11:49 a.m.; 1:05 p.m.; 3:00 p.m.

25.    Rowe answered the calls he received from the 706-457-8131 number on October 16, 2017, October 17, 2017, and on October 18, 2017.  Each time he answered these calls he heard a 20-second dead air delay before being connected to a live operator who identified themselves as calling from Loan Depot.  This long delay before being connected to a live operator is indicative that the calls were made by an automatic dialer and then routed to a live operator once the call was picked up.

6

26.     The purpose of the calls was to solicit Rowe to refinance his mortgage with LoanDepot.

27.     During the calls, a live representative explained that the call was from Loan Depot. Rowe demanded that the telephone calls stop, and informed the live representative that his number was registered on the National Do Not Call Registry. Before terminating the call, the live agent encouraged Rowe to call the company back at telephone number 888-337-6888.

28.     Despite Rowe's several requests for the solicitation calls to stop, he continued to receive calls from the 706-457-8131 number.

29.     Loan Depot owns/operates and/or utilizes the number 706-457-8131 to place solicitation calls to potential consumers.

## FACTS SPECIFIC TO PLAINTIFF PARLATO

30.     On December 8, 2004, Parlato's cellular telephone number was registered on the National Do Not Call Registry for the sole purpose of avoiding solicitation calls.

31.     On or around November 8, 2017, he began to receive a series of unwanted prerecorded solicitation calls on his cellular telephone from telephone number 203-405-8950.

32.     Parlato received countless prerecorded solicitation calls from telephone number 203-405-8950 on his cellular telephone. A listing of the calls Parlato received is below:

- November 8, 2017 at 1:06 PM, 3:56 PM and 5:29 PM
- November 9, 2017 at 12:56 PM
- November 10, 2017 at 3:39 PM
- November 13, 2017 at 5:33 PM
- November 14, 2017 at 4:55 PM
- November 15, 2017 at 1:05 PM, 3:39 PM, 5:09 PM and 7:20 PM
- November 16, 2017 at 2:00 PM
- November 17, 2017 at 3:39 PM, 5:29 PM, 7:48 PM
- November 21, 2017 at 1:43 PM, 3:53 PM, 5:33 PM and 7:28 PM
- November 22, 2017 at 1:26 PM, 3:49 PM, 5:57 PM
- December 5, 2017 at 5:36 PM
- December 7, 2017 at 1:21 PM
- December 9, 2017 at 3:53 PM

- December 14, 2017 at 5:42 PM
- December 15, 2017 at 3:39 PM
- December 19, 2017 at 1:27 PM
- December 20, 2017 at 12:00 PM, 1:06 PM
- December 21, 2017 at 4:58 PM
- December 22, 2017 at 1:58 PM

33.     Parlato answered several calls he received from the 203-405-8950 number.  On multiple occasions, a prerecorded voice instructed him to press #2 to have the calls stop, which Parlato did.  However, calls from the 203-405-8950 continued despite Parlato instructing the caller to stop calling via its own automated system.

34.     Furthermore, Parlato was never able to speak to a live agent in order to get the calls to stop because the message was prerecorded and no live agent was present.

35.     The purpose of the calls was to solicit Parlato to refinance his mortgage. In fact, multiple people have uploaded the pre-recorded calls from 203-405-8950 online along with the transcription of these calls which clearly shows Loan Depot soliciting customers using a pre-recorded message.[8] Loan Depot owns/operates and/or utilizes the number 203-405-8950 to place solicitation calls to potential consumers.[9]

36.     Parlato did not give prior written express consent to Defendant Loan Depot to call him using a pre-recorded message.

## FACTS SPECIFIC TO PLAINTIFF NORRIS

37.     On January 25, 2011 Norris's landline telephone number was registered on the National Do Not Call Registry for the sole purpose of avoiding solicitation calls.

38.     On or around December 5, 2017, he began to receive a series of unwanted autodialed calls on his landline telephone from telephone number's 760-260-9375 and 760-209-

_____

[8] https://directory.youmail.com/directory/phone/2034058950; (last accessed on January 17, 2018).

[9] Upon calling the 203-405-8950 number, a prerecorded voice explains the caller has called "Loan Depot."

8105. Each time he answered these calls he heard a significant dead air delay before being connected to a live operator who identified themselves as from Loan Depot.

39.     When Plaintiff Norris connected with a live operator, he would make it clear that he wanted the calls to stop, and that he was not interested in getting refinancing or a new mortgage.

40.     When it became clear that the calls were continuing despite his requests for them to stop, Plaintiff would answer the call and after hearing dead air at the beginning of the call, he would hang up.

41.     A listing of the calls Plaintiff Norris received is as follows:

- December 5, 2017 at 2:23 PM
- December 5, 2017 at 2:51 PM
- December 5, 2017 at 5:22 PM
- December 6, 2017 at 10:11 AM
- December 6, 2017 at 12:53 PM
- December 6, 2017 at 4:37 PM
- December 7, 2017 at 10:06 AM
- December 7, 2017 at 12:50 PM
- December 7, 2017 at 2:17 PM
- December 7, 2017 at 4:20 PM
- December 8, 2017 at 10:05 AM
- December 8, 2017 at 12:28 PM
- December 9, 2017 at 12:28 PM
- December 11, 2017 at 2:56 PM
- December 12, 2017 at 10:55 AM
- December 12, 2017 at 5:37 PM

42.     Norris do not have a relationship with Loan Depot, or any of its affiliated companies, or has ever requested that Loan Depot to call him.

## CLASS ALLEGATIONS

43.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and all others similarly situated and seeks certification of the following four Classes:

**Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff Rowe.

**Autodialed Stop Class:** All persons in the United States from four years prior to the filing of this instant action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and services, (4) using an autodialer, (5) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

**Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a prerecorded message, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff Parlato.


**Prerecorded Stop Class:** All persons in the United States from four years prior to the filing of this instant action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and services, (4) using a prerecorded voice, (5) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

**Do Not Call Registry Class:** All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

**Do Not Call Stop Class:** All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days (4) and the consumer had previously informed Defendant to stop calling

10

44.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the class definition following appropriate discovery.

45.     **Numerosity**: The exact size of the Classes are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed autodialed solicitation calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

46.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiffs and the members of the Classes;

(c) whether Defendant systematically made multiple telephone calls to Plaintiffs and consumers whose telephone numbers were registered with the National Do Not Call Registry and whether calls were made to such persons after they requested to no longer be called.

(d) whether Defendant made autodialed telephone calls to Plaintiffs and members of the Classes without first obtaining prior express written consent to make the calls;

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

47.   **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiffs has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiffs nor his counsel has any interest adverse to the Classes.

48.   **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

12

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227 *et seq.*)**
**(On Behalf of Plaintiffs Rowe, Perlato and the Autodialed No Consent Class)**

49.     Plaintiffs Rowe and Perlato incorporate by reference paragraphs 1-48 as if fully set forth herein.

50.     Defendant made autodialed solicitation telephone calls to cellular telephone numbers belonging to Plaintiff Rowe, Plaintiff Perlato and other members of the Autodialed No Consent Class without first obtaining prior express written consent to receive such calls.

51.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

52.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff Rowe and Plaintiff Perlato and other consumers.

53.     By making the unwanted solicitation telephone calls to Plaintiff Rowe, Plaintiff Perlato and the Autodialed No Consent Class members' cellular telephones without their prior express written consent, and by utilizing an autodialer to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

54.     As a result of Defendant's unlawful conduct, Plaintiff Rowe and Plaintiff Perlato and the members of the Autodialed No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

55.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages

recoverable by Plaintiff Rowe, Plaintiff Parlato and the other members of the Autodialed No Consent Class.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
#### (Violation of 47 U.S.C. § 227)
#### (On Behalf of Plaintiffs Rowe, Perlato and the Autodialed Stop Class)

56.     Plaintiffs Rowe, Perlato and Norris incorporate by reference paragraphs 1-48 as if fully set forth herein.

57.     Defendant made unsolicited and unwanted autodialed calls to telephone numbers belonging to Plaintiff Rowe, Plaintiff Parlato and the other members of the Autodialed Stop Class on their cellular telephones after they had informed Defendant, orally and/or through the Defendant's automated prompt system, that they no longer wished to receive such calls from Defendant.

58.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

59.     Defendant utilized equipment that made the telephone calls to Plaintiffs and other members of the Autodialed Stop Class simultaneously and without human intervention.

60.     By making unsolicited telephone calls to Plaintiffs and other members of the Autodialed Stop Class's cellular telephones after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express written consent.

61.     As a result of Defendant's unlawful conduct, Plaintiffs and the members of the Autodialed Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

62.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Rowe, Plaintiff Parlato and the other members of the Autodialed Stop Class.

### THIRD CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227 *et seq.*)**
**(On Behalf of Plaintiff Parlato and the Prerecorded No Consent Class)**

63.     Plaintiff Parlato incorporate by reference paragraphs 1-48 as if fully set forth herein.

64.     Defendant made prerecorded solicitation telephone calls to cellular telephone numbers belonging to Plaintiff Parlato and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

65.     Defendant made the prerecorded calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

66.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff Parlato and other consumers via a prerecorded message.

67.     By making the unwanted prerecorded solicitation telephone calls to Plaintiff Parlato and the Autodialed No Consent Class members' cellular telephones without their prior express written consent, and by utilizing an autodialer to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

68.     As a result of Defendant's unlawful conduct, Plaintiff Parlato and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

69.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff Parlato and the other members of the Prerecorded No Consent Class.

**FOURTH CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Parlato and the Prerecorded Stop Class)**

70.     Plaintiffs incorporate by reference paragraphs 1-48 as if fully set forth herein.

71.     Defendant made unsolicited and unwanted prerecorded calls to telephone numbers belonging to Plaintiff Parlato and the other members of the Prerecorded Stop Class on their cellular telephones after they had informed Defendant, orally and/or through the Defendant's automated prompt system, that they no longer wished to receive such calls from Defendant.

72.     Defendant made the prerecorded calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

73.     Defendant utilized equipment that made the prerecorded calls to Plaintiff Parlato and other members of the Prerecorded Stop Class simultaneously and without human intervention.

74.     By making unsolicited prerecorded calls to Plaintiff Parlato and other members of the Prerecorded Stop Class's cellular telephones after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express written consent.

73.     As a result of Defendant's unlawful conduct, Plaintiff Parlato and the members of the Prerecorded Stop Class suffered actual damages in the form of monies paid to receive the unsolicited prerecorded telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

74.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Parlato and the other members of the Prerecorded Stop Class.

**FIFTH CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs Rowe, Parlato, Norris and the Do Not Call Registry Class)**

75.     Plaintiff Rowe, Plaintiff Parlato and Plaintiff Norris incorporate by reference paragraphs 1–48 as if fully set forth herein.

76.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

77.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

78.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[10]

79.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the minimum standards.

80.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiffs Rowe, Parlato, Norris, and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

81.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

---

[10] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

82.    Defendant made more than one unsolicited telephone call to Plaintiffs Rowe, Parlato, Norris, and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiffs Rowe, Parlato, Norris, and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

83.    Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs Rowe, Parlato, Norris, and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

84.    Defendant violated 47 U.S.C. § 227(c)(5) Plaintiffs Rowe, Parlato, Norris, and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs Rowe, Parlato, Norris, and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

85.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SIXTH CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Parlato and the Do Not Call Registry Stop Class)**

86.    Plaintiff Parlato incorporates by reference paragraphs 1-48 as if fully set forth herein.

87.     Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to cellular telephone subscribers such as Plaintiff Parlato and the Do Not Call Registry Stop Class who were registered on the National Do Not Call Registry and who specifically informed Defendant to stop calling them, and who received two or more additional calls within a 12-month period from Defendant at least thirty (30) days after informing Defendant to stop calling them. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

88.     As a result of Defendant's unlawful conduct, Plaintiff Parlato and the Do Not Call Registry Stop Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff Parlato and each member of the Do Not Call Registry Stop Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

89.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Parlato and the other members of the Do Not Call Registry Stop Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, prays for the following relief:

90.     An order certifying the Classes as defined above, appointing Plaintiffs as the representative of the Classes, and appointing his counsel as Class Counsel;

91.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members

92.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

93.   A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

94.   An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

95.   An order requiring Defendant to identify any third-party involved in the autodialing as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

96.   An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Classes;

97.   An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

98.   An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

99.   An injunction prohibiting Defendant from conducting any future autodialing activities until it has established an internal Do Not Call List as required by the TCPA;

100.   An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

101.   Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs requests a trial by jury of all claims that can be so tried.

Date: January 17, 2018

Respectfully submitted,


By: */s/ Manuel S. Hiraldo*_____
Manuel S. Hiraldo (FL 0030380)
mhiraldo@hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

and

By: */s/Stefan Coleman*_____
Stefan Coleman (0030188)
Law@StefanColeman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946


*Attorneys for Plaintiffs and the Class*