# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **DAVID ROWE, FRED PARLATO, AND DANA NORRIS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**LOANDEPOT.COM, LLC,** a Delaware limited liability company<br><br>*Defendant*. | Case No. 8:18-cv-00147-VMC-JSS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Fred Parlato ("Parlato" or "Plaintiff Parlato") brings this class action against Defendant Loandepot.com, LLC ("Loan Depot" or "Defendant") and alleges as follows upon personal knowledge as to himself and him own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by him attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA").

2. Defendant is a company that offers "home purchase and refinancing loans, personal loans and home equity products nationwide." It also "operates Direct, Retail and Wholesale business channels nationwide. Licensed in all 50 states, [Defendant] generates loan production from 12 business production centers, employs 7,000+ people including more than 1,700 licensed

---

[1] Pursuant to the parties' stipulation, Plaintiff Dana Norris hereby dismisses his claims without prejudice.

1

lending officers who hold more than 10,000 stat licenses, and operates over 200+ lending stores nationwide."[2]

3. Defendant uses pre-recorded calls as a means of marketing and promoting its business to potential customers.

4. Defendant purchases lists of potential customers from third-party "Lead Generators," who advertise mortgage refinance opportunities through online websites. Defendant then bombards these individuals with pre-recorded telemarketing calls to solicit them for loans.

5. Defendant placed thousands of pre-recorded marketing calls to the cellular telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

8. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are deemed to reside in any judicial district

---

[2] https://www.linkedin.com/company/loandepot/ (last accessed on January 17, 2018).

in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

9. Plaintiff Parlato is a natural person and resides in New Port Richey, Florida.

10. Defendant is a corporation with a principal place of business located at 26642 Towne Center Drive, Foothill Ranch, California, 92610. Defendant directs, markets, and provides business activities throughout the State of Florida.

## THE TCPA

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or prerecorded message or artificial voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA

3

are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15. In 2012, the FCC issued an order further restricting pre-recorded or automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

16. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and [the plaintiff] having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

17. "The term clear and conspicuous means a notice that would be apparent to the reasonable consumer, separate and distinguishable from the advertising copy or other disclosures." 47 C.F.R. § 64.1200(f)(3).

18. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

19. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a

good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

20. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii) & 47 C.F.R. § 64.1200(f)(12)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

21. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

22. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

23. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

24. As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm

beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

25. On or around February 2, 2017, Plaintiff Parlato began to receive prerecorded marketing calls on his cellular telephone number ending in 8879 ("8879 Number") from telephone number 203-405-8950.

26. The telephone number 203-405-8950 is owned and/or operated by Defendant.

27. Defendant continued contacting Plaintiff with prerecorded marketing calls until on or around December 22, 2017.

28. During the time period between February 2017 until December 2017, Defendant called Plaintiff's 8879 Number approximately 242 times using a prerecorded message.

29. Parlato answered several calls he received from the 203-405-8950 number. On multiple occasions, a prerecorded voice instructed him to "press #2" to have the calls stop, which Parlato did. However, calls from the 203-405-8950 continued despite Parlato instructing the caller to stop calling via its own automated system.

30. Furthermore, Parlato was never able to speak to a live agent in order to get the calls to stop because the message was prerecorded and no live agent was present.

31. The purpose of the calls was to solicit Parlato to refinance his mortgage with Defendant. In fact, multiple people have uploaded the pre-recorded calls from 203-405-8950 online along with the transcription of these calls which clearly shows Loan Depot soliciting customers using a pre-recorded message:[3]

> Hi this is Savannah calling again from Loan Depot. One of the largest

---

[3] *See* https://directory.youmail.com/directory/phone/2034058950; (last visited on August 2, 2018).

Home Loan lenders in the country and I have some great news regarding your application. If you're no longer interested in mortgage information please press # to opt out or call us at 866-965-9011. I will be here until 8:00 PM Pacific Time to answer any questions you may have. So please call me back at 866-965-9011. Again that number is 866-965-9011. I look forward to hearing from you soon. Have a great day.

32. Plaintiff received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

33. Upon information and belief, Defendant caused similar phone calls to be sent to individuals residing within this judicial district.

34. At no point in time did Plaintiff provide Defendant with his express consent to be contacted by using a prerecorded message.

35. Defendant claims that Plaintiff provided his express written consent to be contacted as a result of visits to third-party Lead Generators' websites, including LendingTree, LLC's ("LendingTree") and Coredigital Media, Inc. d/b/a LowerMyBills, Inc.'s ("Coredigital Media") websites.

36. These Lead Generators operate websites in which they advertise refinance rates.[4] Defendant contends that Plaintiff visited these websites to obtain information regarding refinance rates.

37. Unbeknown to consumers, when an individual enters their phone number and personal information on the Lead Generators' websites, the Lead Generators transmit the phone numbers to third party companies, including Defendant, who in turn use the numbers to contact the individuals with offers for services and/or goods.

38. The disclosures on Lead Generators' websites, which Plaintiff allegedly saw when he visited the websites, are deceptive, and not clear and conspicuous as required by the TCPA and its

---

[4] *See*, for example, www.lendingtree.com and https://www.lowermybills.com/ (last visited August 2, 2018).

7

implementing rules and regulations, and thus did not provide Defendant with the requisite express written consent to contact Plaintiff with prerecorded solicitation phone calls.

39. Plaintiff is the subscriber and sole user of the 8879 Number and is financially responsible for phone service to the 8879 Number.

40. Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of him privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to him daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

41. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

42. Plaintiff brings this case on behalf of the below defined Class:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded telephone call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, advertising Defendant's services, after having provided their telephone numbers on Lead Generators' websites ("the Websites"), and who saw the same type of call consent disclosures as the disclosures used when Plaintiff entered his telephone information on the Websites.**

43. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

44. Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their

8

prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

45. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

### COMMON QUESTIONS OF LAW AND FACT

46. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made prerecorded solicitation calls to Plaintiff and Class members' cellular telephones;
>
> (2) Whether Defendant can meet their burden of showing that it obtained prior express written consent to make such calls;
>
> (3) Whether the call consent disclosures used by the Lead Generators on their websites are clear and conspicuous as required by the TCPA;
>
> (4) Whether Defendant's conduct was knowing and willful;
>
> (5) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (6) Whether Defendant should be enjoined from such conduct in the future.

47. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places prerecorded phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

48. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

49. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

50. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

51. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

52. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

53. By making the prerecorded marketing telephone calls to Plaintiff Parlato and the Class members' cellular telephones without their prior express written consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

54. These calls were made without regard to whether or not Defendant had first obtained express written consent from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the cellular telephones of Plaintiff and the other members of the putative Class when its calls were made.

55. Defendant knew that it did not have prior express written consent to make these prerecorded calls and therefore the violations were therefore willful or knowing.

56. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. Id.

57. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecoder calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff Parlato, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Defendant from making prerecorded calls to telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d. An award of actual, statutory damages, and/or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Date: August 8, 2018

Respectfully submitted,

| | |
|---|---|
| **HIRALDO P.A.**<br>Manuel S. Hiraldo<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713<br><br>*Counsel for Plaintiffs and the Putative Class* | **LAW OFFICES OF STEFAN COLEMAN P.A.**<br><br>Stefan Coleman<br>Florida Bar No. 00030188<br>201 S. Biscayne Blvd., 28th Floor<br>Miami, Florida 333131<br>Telephone: (888) 333-9427<br>Facsimile: (888) 498-8946<br><br><br>*Counsel for Plaintiffs and the Putative Class* |
| **IJH LAW**<br><br>*/s/ Ignacio J. Hiraldo*<br><br>Ignacio J. Hiraldo<br>Florida Bar No. 0056031<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33130<br>Email: ijhiraldo@ijhlaw.com<br>Telephone: 786.496.4469<br><br>*Counsel for Plaintiffs and the Putative Class* | |

## **CERTIFICATE OF SERVICE**

I HEREBY CETIFY that on August 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Ignacio J. Hiraldo*
Ignacio J. Hiraldo
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

*Counsel for Plaintiffs and the Putative Class*